**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5005**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JOSE DE JESUS S. SAHAGUN,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:10-cr-00143-NCT-1)

_____

Submitted:  June 19, 2012              Decided:  July 19, 2012

_____

Before DAVIS and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  Frank Joseph Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose de Jesus S. Sahagun appeals the seventeen-month sentence imposed following his guilty plea to possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2) (2006). Counsel for Sahagun has submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but requesting that we review the reasonableness of Sahagun's sentence. Although advised of his right to do so, Sahagun has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

Turning first to the only issue raised in counsel's Anders brief, we review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first consider whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. If no procedural error was made, we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. A sentence that falls within a properly calculated Guidelines

2

range is presumptively reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 347 (2007).

We readily conclude that Sahagun's sentence is both procedurally and substantively reasonable. The sentence is procedurally reasonable inasmuch as the district court properly calculated the applicable Guidelines range and appropriately explained the sentence in the context of the relevant § 3553(a) factors. Further, the within-Guidelines sentence is presumptively substantively reasonable, and we divine no basis to rebut that presumption.

In fulfilling our duty under Anders, we next review Sahagun's conviction. Because Sahagun has not challenged the validity of his guilty plea in the district court, we review only for plain error. United States v. Martinez, 277 F.3d 517, 524–27 (4th Cir. 2002). Our review of the record reveals that the district court substantially complied with the dictates of Fed. R. Crim. P. 11 and committed no error warranting correction on plain error review.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Sahagun, in writing, of the right to petition the Supreme Court of the United States for

further review.  If Sahagun requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Sahagun.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED